SCANNED

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Crim. No. 07-CR-12-P-S |
| | ) |
| MILLER INDUSTRIES | ) |

**AGREEMENT TO PLEAD GUILTY**
**(WITH STIPULATIONS AND APPEAL WAIVER)**

The United States of America, by and through Paula D. Silsby, United States Attorney for the District of Maine, and Halsey B. Frank, Assistant United States Attorney, and Miller Industries (hereinafter "Defendant"), acting through its Vice President, David Robinson, and through its counsel, Peter Brann, Esquire, enter into the following Agreement based upon the promises and understandings set forth below:

1. <u>Guilty Plea</u>. Defendant agrees to waive indictment and plead guilty to an Information, a copy of which is attached, pursuant to Rule 11 of the Federal Rules of Criminal Procedure (Fed. R. Crim. P.). The Information charges the defendant with transportation of hazardous waste without a manifest, in violation of Title 42, United States Code, Section 6928(d)(5). Defendant agrees to file, in a form acceptable to the Court, a corporate resolution authorizing the entry of the plea and the execution of all documents necessary for the plea by the corporate officer appearing for the Defendant.

2. <u>Penalties</u>.

Defendant understands that the penalties for the offense are:

A. A term of probation not less than 1 nor more than 5 years pursuant to 18 U.S.C. § 3563(c)(1);

B. A maximum fine of $50,000 for each day of violation or $500,000, whichever is greater; and

C. A mandatory special assessment of $100.00 for each count of conviction which Defendant agrees to pay at or before the time that it enters a guilty plea.

In addition to the other penalties provided by law, the Court may also order the defendant to pay restitution to the victim or victims of the offense, pursuant to 18 U.S.C. § 3663 or § 3663A.

3. Agreements Regarding Sentencing:

The parties agree to make the following non-binding recommendations as to sentencing:

A. The parties agree to recommend that the 2005 edition of the Guidelines Manual applies;

B. The parties agree that the Court is required to take account of the United States Sentencing Guidelines, together with the other sentencing goals set forth in Title 18, United States Code, Section 3553(a). The parties agree that the Guidelines, including Chapter Eight, provide guidance for sentencing organizations, except that pursuant to U.S.S.G. §§ 8C2.1 and 8C2.10, the Guidelines for determining a fine for organizations are not applicable to offenses involving the environment, which offenses are otherwise governed by Chapter Two, Part Q of the Guidelines. Instead, an appropriate fine should be determined by applying the general statutory provisions governing sentencing and contained in 18 U.S.C. §§ 3553 and 3572.

C. The parties agree to recommend that the Defendant pay a total criminal fine of $75,000.

D.   The parties agree to recommend that the Defendant make an organizational community service payment in the amount of $75,000, pursuant to U.S.S.G. § 8B1.3 and in furtherance of the sentencing principles provided in 18 U.S.C. § 3553(a). This community service payment will be made to the Maine Hazardous Waste Fund which is a nonlapsing, revolving fund, established by the by the Maine Legislature in Section 1319-D of Title 38 of the Maine Revised Statutes, in order to carry out the Maine Department of Environmental Protection's responsibilities including the costs of inspections and supervision of hazardous waste handlers and of removal and abatement of hazardous waste discharges. This community service payment will be used by the Maine Hazardous Waste Fund to address hazardous waste problems within the State of Maine. Defendant will not seek any reduction in its tax obligation as a result of these community service payments nor will it characterize them as voluntary donations or contributions.

E.   The parties agree to recommend that Defendant be placed on organizational probation for a period of one year. The terms of this probation include Defendant's agreement not to commit any further violations of federal, state or local law; and payment of its fine and community service payment.

The parties expressly agree and understand that should the Court reject either or both of the recommendations of the parties, the Defendant will not thereby be permitted to withdraw its plea of guilty. The parties agree and understand that the Court has the discretion to impose any lawful sentence.

4. <u>Appeal Waivers</u>. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, Defendant waives the right to appeal the following:

A. Defendant's guilty plea and any other aspect of Defendant's conviction in the above-captioned case; and

B. A sentence that does not exceed 1 year of probation and a total monetary payment of $150,100.

The Defendant's waiver of its right to appeal shall not apply to appeals based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

5. <u>Consequences of Breach</u>. If Defendant fails to enter a guilty plea or seeks and is allowed to withdraw its plea of guilty entered pursuant to this Agreement, under circumstances constituting a breach of this Agreement, or if Defendant's guilty plea is rejected due to Defendant's conduct constituting a breach of this Agreement, it hereby waives any rights that it has under Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure. Defendant understands that by waiving such right, the following would be admissible against it in any subsequent prosecution for the conduct underlying the charges in the case: (a) the fact that it pleaded guilty in this case; (b) all statements made in the course of the guilty plea; and (c) all statements made during the course of plea discussions.

6. <u>Speedy Trial Waiver</u>. Defendant agrees to waive, and hereby does waive, any and all rights it might have under the Speedy Trial Act, 18 U.S.C. §§ 3161-64, from the date of the execution of this Agreement and continuing thereafter through and including the date upon which

sentence is imposed. The Defendant expressly consents to the entry of an Order by the Court excluding such periods of time from such consideration.

7. <u>Limited waiver of statute of limitations.</u> The Defendant agrees that the statute of limitations applicable to its offense is a waivable affirmative defense. Defendant further agrees that, pursuant to its request, the parties have been engaging in plea negotiations for several months and that during that time the United States has agreed to forgo seeking an indictment and has conducted additional investigation at the Defendant's request. In consideration thereof, Defendant agrees to an irrevocable, limited, waiver of its right to assert a limitations defense to charges arising out of its conduct surrounding the consolidation of hazardous waste in April of 2002. This waiver shall apply only to offenses that are charged by indictment, complaint or Information, not later than 90 days after any failure, withdrawal, rejection or invalidation of this agreement.

8. <u>Forfeiture</u>. Defendant agrees to waive any claim to, and assist the United States in effecting the forfeiture or other transfer of, any property that may be subject to forfeiture to the United States under any law of the United States.

9. <u>Validity of Other Agreements; Signature</u>. This Agreement supersedes any prior understandings, promises, or conditions between this Office and Defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties. The signature of Defendant's authorized representative in the space designated signifies Defendant's full and voluntary acceptance of this Agreement.

FOR DEFENDANT MILLER INDUSTRIES

I am a Vice President of Miller Industries. The Officers of Miller Industries have received a copy of this Agreement, the associated Information, and prosecution version of the offense. Those Officers have been informed of the charge against Miller Industries contained in the Information. They understand that charge, the elements of the offense, and the penalties that may be imposed for conviction. They understand the corporation's rights to a trial, to the assistance of counsel, to hold the government to its burden of proof beyond a reasonable doubt. They have approved a plea of guilty to the charge in the Information. They have authorized me to speak and act on behalf of Miller Industries. I have read this agreement and have carefully reviewed every part of it. I understand it. Having been duly authorized by Miller Industries to act on its behalf in this matter, my signature represents the company's voluntary agreement to its terms.

Date: 12/26/06

David Robinson, Vice President
Miller Industries

I am legal counsel for Miller Industries. I have carefully reviewed every part of this Agreement with its Officers, including its Vice President, David Robinson. To my knowledge, Miller Industries' decision to enter into this agreement is an informed and voluntary one. To my knowledge, David Robinson has the authority to act for Miller Industries in this matter.

Date: 12/26/06

Peter Brann, Esquire
Attorney for Defendant Miller Industries

FOR THE UNITED STATES:

Paula D. Silsby
United States Attorney

Date: 1/5/07

Halsey B. Frank
Assistant U.S. Attorney

Approved:

Supervisory Assistant U.S. Attorney